TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 10-4385

John Hudson, Plaintiff(s)

v.

Premium Power Corp., Defendant(s)

## SUMMONS

To the above-named Defendant: Premium Power Corp.

You are hereby summoned and required to serve upon Jeffrey R. Mazer plaintiff's attorney, whose address is 220 Broadway, Suite 205, Lynnfield, MA 01940, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ................................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ................................
the .................... day of ....................
...................., in the year of our Lord .................... .

A TRUE COPY ATTEST
D.H. KAMINS - PROCESS SERVER
& DISINTERESTED PERSON
DATE* ( 11/30/10 )

................................ Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................................................................................
20.........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

....................................................................................................................................................

....................................................................................................................................................

....................................................................................................................................................

....................................................................................................................................................

Dated: ................................................................................................................., 20..........

N.B. TO PROCESS SERVER:
   PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
   ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
( ......*Nov. 30*..........., 20*10*.... )
( _____ )

---

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ......, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION

No. ..................

.................., Plff.

v.

.................., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                         SUPERIOR COURT
                                                       CIVIL ACTION NO.

*******************************
JOHN HUDSON                    *
     Plaintiff,                *
                               *
     v.                        *
                               *
PREMIUM POWER CORP.            *
                               *
     Defendant.                *
*******************************

## VERIFIED COMPLAINT
(Jury Claim)

## COUNT I
(Public Policy)

1. The Plaintiff, John Hudson ("Mr. Hudson"), is a resident of 99 Pelham Road, Salem, Rockingham County, New Hampshire.

2. The Defendant, Premium Power Corp., ("Premium") is duly organized under the laws of Massachusetts and has its principal office located in Billerica, Middlesex County, Massachusetts.

3. Mr. Hudson began working at Premium Power Corp. on or about July 9, 2008 as a Senior Technician in the Manufacturing Department.

4. As Senior Technician, Mr. Hudson was responsible for the Transflow Assembly area and supervising the team out on the floor.

5. Mr. Hudson reported to Tom Goulet, Manufacturing Manager.

6. During his employment at Premium Power, Mr. Hudson, along with all other Premium Power employees, were required to work in horrible work environment conditions because the corporation's work areas were always overly heated.

7. Employees were not permitted to leave nor were there any water-fountains in which to receive refreshments.

8. On or about August 17, 2009, Mr. Hudson told Tom Goulet that he and his fellow employees needed water because some were experiencing headaches and nausea.

9. Cheryl gave Mr. Hudson water bottles after his request and he passed them out to his fellow employees, but his act was not appreciated by his administration.

10. Mr. Hudson stated that this environment was unhealthy and unsafe work conditions.

11. There were also no harnesses or safety equipment found in this area.

12. On or about August 18, 2009, Tom Goulet, Manufacturing Manager, informed Mr. Hudson that he was being transferred departments.

13. When asked why the transfer was taking place, Mr. Hudson was told that Monique Faucher and Gary Colello were unhappy with Mr. Hudson's safety and water concerns.

14. Ms. Faucher had asked why Mr. Hudson was complaining about the heat and "whining about being thirsty".

15. Mr. Hudson replied that besides a dirty bathroom sink, there was no where else to get water and there are no cups provided anywhere even if one wished to retrieve a drink from that sink.

16. Ms. Faucher informed Mr. Hudson that his actions and comments make the company look bad.

17. Later that day, Ms. Faucher, Mr. Goulet and Mr. Colello handed Mr. Hudson a written warning for insubordination for questioning their authority in regards to drinking water.

18. Mr. Hudson was not permitted to respond to any of the comments being presented to him during this meeting and he was also being threatened and belittled by Mr. Colello.

19. After reviewing the warning, Mr. Hudson decided not to sign it because it was completely false.

20. Mr. Hudson gave the warning back to Mr. Goulet and told him that he respectfully declined to sign.

21. On or about August 19, 2009, Mr. Colello confronted Mr. Hudson and began to make threats toward him in hopes of him signing the written warning he received the day before.

22. Mr. Colello informed Mr. Hudson that he had six attorneys on retainer. At that point Mr. Hudson stated that he would not be signing anything under duress.

23. On August 21, 2009, Mr. Hudson contacted OSHA and stopped by the Andover office to drop off his complaint letter.

24. On or about August 27, 2007, Mr. Goulet told Mr. Hudson that he was not allowed anywhere in the building besides the area he was working in.

25. He was told that if he was caught in any other area in the building than he would be terminated immediately.

26. Mr. Hudson was constantly interfacing with engineering and fabricating in the machine shop and he needed access to those areas in order to do his job affectivity.

27. Later that day mechanist Gary Day, engineer Doug Johnson and all manufacturing assemblers were told not to receive any direction from Mr. Hudson and not to speak with him.

28. They were informed to have their questions answered by Gary Colello.

29. On or about September 2, 2009, while drilling holes in the trailer, Mr. Hudson strained his wrist.

30. This task utilizes a magnetic base drill and a power hand drill and a side handle should be used.

31. Mr. Hudson had no access to a side handle at the time of the incident because he was asked to go purchase one on a later date even though Premium Power claims that when the incident occurred there was a side handle available in the general toolbox.

32. Premium Power believed that a person holding a senior level technician position should be proficient in the use of hand and power tools and should also take appropriate safety precautions.

33. Premium Power also stated in their position change form that Mr. Hudson failed to serve as a role model to other junior technicians that work with him.

34. Premium Power contradicts itself when such a statement is made because they had already previously stated that Mr. Hudson was not in a supervisory position and that he must report to Mr. Goulet just like all the other technicians.

35. Following Mr. Hudson's injury, he was sent to the walk in clinic by Mr. Goulet where he was treated for minor wrist strain.

36. Mr. Hudson reported back to work the next day with a note indicating he must perform light duty until the September 4th.

37. On September 4, 2009, Mr. Hudson informed Mr. Goulet that his wrist was better and would be able to perform his normal work tasks.

38. On or about September 7, 2009, Mr. Hudson reported back to his other department, but Mr. Goulet told him that he was being transferred until further notice.

39. On September 11, 2009, Mr. Hudson called his OSHA agent, Christine, expressing his concerns about the current changes taking place and he believed that the company had started to retaliate against him.

40. On or about September 14, 2009, Mr. Hudson was asked to the company conference room were Ms. Faucher was waiting.

41. She handed him a form and advised him to read it over.

42. When Mr. Hudson had finished reading it, Mr. Hudson questioned why he was being demoted and that it seemed to him that it had to do with his minor injury that occurred earlier in September.

43. Ms. Faucher began getting upset with Mr. Hudson and told him that this decision was not up for discussion.

44. Mr. Hudson called Christine from OSHA, but was unable to reach her and he later returned back to work.

45. Within the next couple of hours that followed, Mr. Colello began harassing Mr. Hudson.

46. Not knowing where else to turn, Mr. Hudson went to speak to his supervisor and he told Mr. Hudson that he understood why he was upset, but he was unable to intervene with this situation.

47. Later on that day on September 14, 2009, Mr. Hudson was experiencing so much anxiety he almost left to see a doctor.

48. Mr. Hudson then asked Mr. Goulet if he could discuss his new job placement. Five minutes later, Dennis Darcy kicked the door open and he and Ms. Faucher approached Mr. Hudson very confrontational.

49. Mr. Hudson was seeking a reason as to why he was being demoted and why he was receiving a 25% pay cut.

50. Mr. Darcy and Ms. Faucher were trying to force Mr. Hudson into resigning, but Mr. Hudson informed them that since he punched in as a Senior Technician and if that job is no longer available to him than the company should be laying him off.

51. Mr. Darcy then raised his voice telling Mr. Hudson that he just resigned. At that point, Mr. Hudson refused to leave because he did not want to resign from his job.

52. On or about September 14, 2009, the North Reading Police Department was called to report to an employee dispute at the Premium Power Company.

53. Mr. Hudson felt that because of the pretext and his complaint to OSHA, Premium Power was intimidating and harassing him because of his case with OSHA.

54. Mr. Darcy had told Mr. Hudson that he needed to either take a lesser paying position within the company or that he needed to resign.

55. Mr. Hudson informed Mr. Darcy that he would not accept a lesser paying position and neither would he resign.

56. The company informed the officers that Mr. Hudson did not resign, but that they wished to have him removed from the property.

57. Mr. Colello made a last attempt to slander Mr. Hudson's name by accusing Mr. Hudson of having a gun in his car.

58. The officers informed Mr. Hudson that Mr. Darcy and Mr. Goulet said that Mr. Hudson had not resigned or quit his job at Premium Power.

59. Mr. Hudson left Premium Power that day and spoke to Christine at OSHA.

WHEREFORE, Mr. Hudson demands Judgment against the Defendant, Premium Power Corp., as follows:

A. That the Plaintiff be awarded compensatory damages;

B. That the Plaintiff be awarded emotional distress damages;

C. That the Plaintiff be awarded punitive damages;

D. That the Plaintiff be awarded attorney's fees, costs of suit, and interest;

E. And for such other relief as this Court may deem just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

*[signature]*
John Hudson

## COMMONWEALTH OF MASSACHUSETTS

Then personally appeared the above named John Hudson and made oath that he has read the allegations contained in this Complaint, and that they are true to the best of his knowledge and belief, before me,

*[signature]*
Notary Public

My Commission Expires:

2/21/14

Respectfully Submitted
John Hudson,

By his attorney,

*[signature]*
Jeffrey R. Mazer
Mazer Law Group, LLC
BBO # 647110
220 Broadway, Suite 205
Lynnfield, MA 01940
(781) 596-8604

COVER SHEET County: __Middlesex__

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| John Hudson | Premium Power Corp. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Jeffrey R. Mazer<br>220 Broadway, Suite 205 Lynnfield, MA 01940<br>Mazer Law Group, LLC (781) 596-8604<br>Board of Bar Overseers number: 647110 | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Public Policy | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .......... $..........
  2. Total Doctor expenses .......... $..........
  3. Total chiropractic expenses .......... $..........
  4. Total physical therapy expenses .......... $..........
  5. Total other expenses (describe) .......... $..........
     Subtotal $..........
B. Documented lost wages and compensation to date .......... $50,000.00
C. Documented property damages to date .......... $..........
D. Reasonably anticipated future medical and hospital expenses .......... $..........
E. Reasonably anticipated lost wages .......... $100,000.00
F. Other documented items of damages (describe) Emtional Distress $150,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff was terminated after he complained about safety violations

$..........
TOTAL $300,000.00

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _[signature]_ DATE: 11/16/10

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                   Superior Court
                                                Civil Action No.

```
*************************
JOHN HUDSON,             *
      Plaintiff,         *
                         *
v.                       *
                         *
PREMIUM POWER CORP.      *
      Defendants.        *
*************************
```

### NOTICE OF APPEARANCE

Please enter my notice of appearance for the Plaintiff, John Hudson, in the above referenced matter.

*[signature]*
Jeffrey R. Mazer
Mazer Law Group, LLC
BBO # 647110
220 Broadway, Suite 205
Lynnfield, MA 01940
(781) 596-8604

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET # MICV2010-04385-L2
Courtroom Civil L2 - CtRm 740- 200 TradeCenter, Woburn

RE: Hudson v Premiun Power Corp.
TO:
    Jeffrey R Mazer, Esquire
    Mazer Law Group LLC
    220 Broadway, Suite 205
    Lynnfield, MA 01940

## SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **09/09/2012**.

### STAGES OF LITIGATION / DEADLINES

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 02/17/2011 | 02/17/2011 | |
| Response to the complaint filed (also see MRCP 12) | | 03/19/2011 | |
| All motions under MRCP 12, 19, and 20 | 03/19/2011 | 04/18/2011 | 05/18/2011 |
| All motions under MRCP 15 | 03/19/2011 | 04/18/2011 | 05/18/2011 |
| All discovery requests and depositions served and non-expert depositions completed | 09/15/2011 | | |
| All motions under MRCP 56 | 10/15/2011 | 11/14/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/13/2012 |
| Case shall be resolved and judgment shall issue by **09/09/2012** | | | 09/09/2012 |

- The final pre-trial deadline is <u>not the scheduled date of the conference.</u>
- You will be notified of that date at a later time.
- **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 11/22/2010

Michael A. Sullivan
Clerk of the Court

Telephone: 781-939-2754